IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BYRON ALBERTO MEJIA OROZCO,   )
                              )
         Petitioner,          )
                              )
v.                            )          Civil Action No. 1:25-cv-01762-AJT-WEF
                              )
TODD M. LYONS, *et al.*,       )
                              )
         Respondents.         )

## ORDER

Presently pending is Petitioner's Motion to Enforce the Court's Order ("the Motion") [Doc. No. 8]. On December 1. 2025, the Court held a hearing on the Motion, following which it took the Motion under advisement. Upon consideration of the Motion, the memoranda in support thereof and in opposition thereto, the argument and representations of counsel at the hearing on December 1, 2025, and for the reasons stated herein, the Motion is GRANTED and the Respondents are ordered to either release Petitioner or conduct an individualized bond hearing consistent with this Order.

Petitioner Byron Alberto Mejia Orozco ("Petitioner") is a 39-year-old native and citizen of Guatemala who entered the United States without inspection in 2005. [Doc. No. 1] ¶¶ 5, 46; [Doc. No. 4-1] ¶¶ 5, 6. Petitioner resides in Washington, D.C. with his two U.S. citizen children, and his wife. [Doc. No. 1] ¶ 49. On August 18, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") following his apprehension by Enforcement and Removal Operations officers in Washington, DC, and the issuance to him of a Notice to Appear ("NTA"), charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and thus removable subject to removal proceedings. *Id.* ¶ 47; [Doc. No. 4-1] ¶ 7. On September 5, 2025, Petitioner filed a motion for

1

custody determination, *i.e.*, a request for release on bond, with the Immigration Judge, who determined that the Immigration Court lacked jurisdiction to review Petitioner's request because he was detained under 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 4-1] ¶ 11. On October 13, 2025, Petitioner filed a Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), seeking release from his ICE custody, or in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA"), the bond regulations, and his constitutional due process rights.

By Order dated November 7, 2025, [Doc. No. 5], the Court determined that Petitioner's ongoing detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA and the Fifth Amendment of the Constitution and ordered that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of the Court's Order and that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

On November 18, 2025, the Respondents filed a Notice that "[t]he Immigration Court held a bond hearing for petitioner on November 13, 2025, at which time petitioner's request for release on bond was denied." [Doc. No. 6]. No further explanation of the Immigration Court's decision was provided.

On November 21, 2025, Petitioner filed a Motion to Enforce the Court's Order [Doc. No. 8]. In that Motion, Petitioner stated that on November 4, 2025, before his habeas petition was granted, Petitioner's EOIR-42B cancellation of removal application was denied and he was granted voluntary departure and that Petitioner filed an appeal of that ruling on November 15, 2025. *Id.* In his subsequent filing on November 26, 2025, Petitioner states that the Immigration Judge's denial

of bond was based solely on the denial of his application for cancellation of removal. [Doc. No. 18]. The Immigration Judge's order denying Petitioner bond, which Petitioner has attached to his filing, states only that Petitioner's custody redetermination was denied because "Respondent is a flight risk," but otherwise provides no explanation as to why Respondent is a flight risk. [Doc. No. 18-1] at 1–3.

On November 26, 2025, Respondents filed their opposition to the Motion on the grounds that this Court lacks jurisdiction to review the Immigration Judge's denial of bond under 8 U.S.C. § 1226(e), which provides in relevant part that "[n]o court may set aside any action or decision by the Attorney General under [] section [1226] regarding the detention of any noncitizen or the revocation or denial of bond or parole," and also under 8 U.S.C. § 1252(a)(2)(B).[1] [Doc. No. 17] at 2–4.

On December 1, 2025, the Court held a hearing on the Motion, during which Petitioner's immigration counsel who represented Petitioner at the November 13, 2025 bond hearing represented that the Immigration Judge denied petitioner's request for bond based on Petitioner's

---

[1] As cited by Respondents, Section 1252(a)(2)(B) provides in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum] relief under section 1158(a) of this title.

[Doc. No. 17] at 4. Not quoted is Subsection D, which provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

flight risk and based that finding solely upon the denial of Petitioner's application for cancellation of removal proceedings.

### A. The court retains jurisdiction to review whether Respondents provided Petitioner with a constitutionally compliant bond hearing.

Respondents contend that the Court is deprived of jurisdiction to consider the Motion under Section 1226(e) and Section 1252(a)(2)(B). In *Miranda v Garland*, 34 F.4th 338 (4th Cir. 2022), the Fourth Circuit recognized that Section 1226(e) forbids "review of the Attorney General's actions and decisions in individual proceedings," and that the executive branch has broad discretion to make bond determinations. *Id.* at 353. Nevertheless, the Court further recognized that the government's actions are subject to the procedural guarantees of the Constitution's due process clause, challenges to Section 1226(a) bond procedures are due process constitutional challenges, and Section 1226(e) does not deprive the federal courts of jurisdiction to review whether the factors considered in bond determinations are constitutionally compliant. *Miranda*, 34 F.4th at 352-53, 358-59 (holding that § 1226(e) does not bar constitutional review of whether § 1226(a) bond hearings violate the due process clause). And as this Court has previously found, detention absent an adequate bond hearing violates an individual's substantive and procedural due process rights. *See Luna Quispe v. Crawford*, No. 1:25-CV-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). The Fourth Circuit also held that its jurisdiction was not precluded under Section 1252(a)(2)(B) since challenges to the procedures used in a Section 1226 bond hearing challenges "the extent of the government's authority under § 1226 rather than a discretionary decision," and thus Section 1252(a)(2)(B), as interpreted by the Supreme Court, does not foreclose judicial review of such matters. *Miranda*, 34 F.4th at 353 n.6.

The Respondents contend that the Motion simply challenges how the Immigration Judge exercised his discretion in determining the merits of Petitioner's bond application, specifically whether Petitioner is a flight risk, and therefore does nothing more than ask this Court to review the merits of the IJ's bond determination, something foreclosed under Section 1226(e), as explained in *Miranda*. But the Motion challenges, not so much the merits of that bond determination, although that challenge is implicit in its position, but at its core whether in making that bond determination the Immigration Judge considered those factors necessary to make its determination constitutionally compliant. In short, the Motion challenges "the extent of the government's authority under § 1226 rather than a discretionary decision." *Id*. Accordingly, the Court has jurisdiction to review whether the Immigration Judge's denial of bond to the Petitioner because he is a flight risk based solely on the denial of his application for cancellation of removal proceedings complies with constitutional Due Process requirements.

### B. Respondents have failed to provide the constitutionally required individualized bond hearing.

Although the Fourth Circuit held that the Constitution does not "mandate the factors that must be considered in determining whether to grant bond," *id.* at 365, it recapped the non-exclusive factors that immigration judges may "utilize in determining whether bond is warranted and under what conditions," which help ensure "substantial process":

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* at 362 n.10 (citing *In re Guerra*, 24 I. & N. Dec. at 40).[2]

Based on the information available to the Court, there was no individualized assessment of whether Petitioner is a flight risk based on those factors recited by the Fourth Circuit in *Miranda* or any factor other than the denial of his application for cancellation of removal proceedings.[3] In effect, the Immigration Judge's decision altered when under Section 1231 a person in removal proceedings may be detained.[4] In that regard, Petitioner's removal proceedings are still pending and until a final order of removal is issued, his detention *vel non* is governed by 8 U.S.C. § 1226(a). Essentially mandating detention once an application for cancellation is denied, and removal proceedings remains pending, without the issuance of *any* removal order, final or otherwise, would permit an end run around § 1231's legislative scheme to detain individuals only *after* the removal period has begun.[5]

---

[2] Whether at what point the evidence based on these specific considerations typically considered, as outlined in *Miranda,* requires the issuance of bond, even with the denial of an application for cancellation of removal proceedings, is beyond the scope of this Order. *See Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018) ("§ 1226(e) does not bar courts from concluding that the evidence before the IJ failed, as a matter of law, to prove flight risk or danger.").

[3] Although Respondents in their Notice concerning the immigration judge's bond decision did not state on what basis Petitioner was determined to be a flight risk, [Doc. No. 7], they did not challenge at the hearing that Petitioner was determined to be a flight risk solely because his application for cancellation of removal proceedings was denied, as represented by Petitioner's immigration counsel that attended that bond hearing.

[4] Once an individual is subject to a final order of removal, 8 U.S.C. § 1231, rather than 8 U.S.C. § 1226, governs their detention and allows for the noncitizen's detention during the "removal period," which begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

[5] The timing of events further supports the granting of relief. Even before this Court's November 7, 2025 Order requiring a Section 1226(a) bond hearing, this Court, and courts across the country, have held that a Section 1226 bond hearing is constitutionally required under the circumstances of this case and had the Respondents provided Petitioner with a bond hearing pursuant to section 1226 when he first asked for it on September 5, 2025, the November 4, 2025 denial of his application would not yet have occurred and the Immigration Judge could not have denied bond on the basis of that denial. And once released on bond, Respondents would have needed to demonstrate thereafter a "change in circumstance" to justify his re-detention, with substantial challenges in that regard. *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981); *Sanchez v. Bondi et. al.*, No. 1:25-CV-018888, 2025 WL 3191922 (E.D. Va. Nov. 14, 2025) (finding that record reflected no change in circumstances that could justify the revocation of Petitioner's bond).

For the above reasons, it is hereby

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that within 3 days of this Order, the Respondents either release Petitioner or provide him with an individualized bond hearing consistent with this Order; and that if a bond hearing is provided, Respondents notify this Court within 24 hours of that decision and if bond is denied, the reasons for that denial of bond.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
December 1, 2025

/s/

Anthony J. Trenga
Senior United States District Judge

7